UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:17 CR 168 T 27 JSS

CARLOS LOUIS RODRIGUEZ 18 U.S.C. § 922(g)(1)

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about October 24, 2016, in Hillsborough County, in the Middle District of Florida,

CARLOS LOUIS RODRIGUEZ,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. **Dealing in Stolen Property,** Fla. Stat. § 812.019(1), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about September 15, 1999;

2. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about September 15, 1999;

3. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about April 14, 2005;

4. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about August 16, 2006;

5. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about August 16, 2006;

6. **Retaliation Against a Witness (No Injury),** Fla. Stat. § 914.23(1), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about February 15, 2010; and

7. **Felony Driving While License Suspended or Revoked,** Fla. Stat. §322.34, in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, on or about March 23, 2015,

did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Llama, Model III A, .380 caliber pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT TWO

On or about December 1, 2016, in Hillsborough County, in the Middle District of Florida,

CARLOS LOUIS RODRIGUEZ,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. **Dealing in Stolen Property,** Fla. Stat. § 812.019(1), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about September 15, 1999;

2. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about September 15, 1999;

3. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about April 14, 2005;

4. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about August 16, 2006;

5. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about August 16, 2006;

6. **Retaliation Against a Witness (No Injury),** Fla. Stat. § 914.23(1), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about February 15, 2010; and

7. **Felony Driving While License Suspended or Revoked,** Fla. Stat. §322.34, in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, on or about March 23, 2015,

did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Maverick, model 88, 12-gauge shotgun.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT THREE

On or about January 17, 2017, in Hillsborough County, in the Middle District of Florida,

CARLOS LOUIS RODRIGUEZ,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. **Dealing in Stolen Property,** Fla. Stat. § 812.019(1), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about September 15, 1999;

2. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about September 15, 1999;

3. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about April 14, 2005;

4. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about August 16, 2006;

5. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about August 16, 2006;

6. **Retaliation Against a Witness (No Injury),** Fla. Stat. § 914.23(1), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about February 15, 2010; and

7. **Felony Driving While License Suspended or Revoked,** Fla. Stat. §322.34, in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, on or about March 23, 2015,

did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Sig Sauer, model SP2022, 9-millimeter pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT FOUR

On or about January 17, 2017, in Hillsborough County, in the Middle District of Florida,

CARLOS LOUIS RODRIGUEZ,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. **Dealing in Stolen Property,** Fla. Stat. § 812.019(1), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about September 15, 1999;

2. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about September 15, 1999;

3. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about April 14, 2005;

4. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about August 16, 2006;

5. **Burglary of a Conveyance,** Fla. Stat. § 810.02(4)(b), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about August 16, 2006;

6. **Retaliation Against a Witness (No Injury),** Fla. Stat. § 914.23(1), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about February 15, 2010; and

7. **Felony Driving While License Suspended or Revoked,** Fla. Stat. §322.34, in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, on or about March 23, 2015,

did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Smith and Wesson, model SW40 VE, 40 caliber pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One through Four are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of any of Counts One through Four, the defendant, CARLOS LOUIS RODRIGUEZ, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the violations.

3. The property to be forfeited includes, but is not limited to, the following: a Llama, Model III A, .380 caliber handgun, a Maverick, model 88, 12-gauge shotgun, .22 caliber pistol, a Sig Sauer, model SP2022, 9-millimeter pistol, and a Smith and Wesson, model SW40 VE, 40 caliber pistol.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: ______________________
Diego F. Novaes
Assistant United States Attorney

By: ______________________
Stacie B. Harris
Assistant United States Attorney
Chief, Major Crimes Section

*T:_Cases\Criminal Cases\R\Rodriguez, Carlos_2017R00811_DFN\p_Indictment.docx*

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

CARLOS LOUIS RODRIGUEZ

**INDICTMENT**

Violations: 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

A true bill,

Foreperson

Filed in open court this 13th day

of April, 2017.

__________________________
Clerk

Bail $______________________